Ferneding, J.
The original action was brought by The Springfield, Troy & Piqua Traction Company against The Cincinnati, Hamilton & Dayton Railway Company to recover one-half the cost of the renewal of the crossing on the two railroads on the Springfield & Urbana turnpike road.
All the material facts are stated, in the amended petition, and the cause was disposed of in the court •of common pleas on a demurrer to the amended petition.
The amended petition contains the averments that the traction line operated, and crossed the steam railroad tracks, in the center of the highway, and that at the time of the construction of the traction railroad it was agreed between the two companies that the traction company was to construct and maintain the crossing at the intersection of such railroad.
The traction company contends, and the lower court held, that there was no consideration in the original agreement imposing the entire obligation upon the traction company.
Section 3775, General Code, provides:
“When the tracks of two street railroads, or of a street railroad and a steam railroad, cross each other at a convenient grade on a street, the crossing shall he made with crossing-frogs of the most approved pattern and materials, and kept up and in repair at the joint expense of the companies owning such tracks.”
In the absence of a valid contract this statute would fix the liability of each of the companies. It was doubtless competent for the parties to vary *374 this liability by agreement based upon a sufficient consideration.
The only supposed consideration contended for is the right of the junior company to cross the tracks of the senior company. Here, however, the crossing was in the center, and in the grade, of the public highway, and we think in such case the junior company has a legal right to cross the tracks of the senior company without compensation.
See C. & H. Elec. St. Ry. Co. v. C., H. & I. Rd. Co. et al., 21 C. C., 391, affirmed, without opinion, 64 Ohio St., 550.
There being, therefore, no consideration for the contract in question, it follows that the contract is a. nudum pactum and of no binding force.
The amended petition in our opinion states a cause of action, and the demurrer thereto was properly overruled.

Judgment affirmed.

Kunkle and Allread, JJ., concur.